IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL WINTERS,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 17-3530(JBS-AMD)

**OPINION**

APPEARANCES:

Michael Winters, Plaintiff pro se
#973138/106303-C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

    Before the Court is Plaintiff Michael Winter's ("Plaintiff") submission of a civil rights Complaint. [Docket Item 1.] At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. BACKGROUND

Plaintiff brings this civil rights action against the State of New Jersey, City of Camden, Camden Police Department, The Trentonian, the Courier Post, the Press of Atlantic City, Philadelphia Inquirer, South Jersey Times, Warren W. Faulk, Scott Thomson, Terry King, and Brian Razzi (collectively, "Defendants"). The following factual allegations are taken from the Complaint and are accepted as true for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff is currently an inmate at the New Jersey State Prison in Trenton, New Jersey. (Compl. at 1, ¶ 11.) Plaintiff alleges that starting on or about November 2012, and continuing to the present day, the Courier Post, The Trentonian, the Press of Atlantic City, and the South Jersey Times printed false articles which defamed him. (Compl. at ¶¶ 2-6.) Plaintiff further alleges Defendant Terry King appeared before the Grand Jury and provided false testimony and tampered with a witness, while Warren W. Faulk, Scott Thomson, Terry King, and Brian Razzi "engaged in creative behavior and made false and fraudulent allegations against Plaintiff Winters and the news media Defendants ran with the false information." (Compl. at ¶¶ 8-9.) Specifically, Plaintiff avers that "[D]efendants and in particular the State of New Jersey, the Camden County

2

Prosecutor's Office, Camden Police Department, Warren W. Faulk, Scott Thomson, Terry King and Brian Razzi alleged that Plaintiff Michael Winters and Andrew Alford attacked and beat Gregory Holder near Broadway and Berkley Street," which resulted in Plaintiff's arraignment on murder charges in the Camden County Superior Court. (Compl. at ¶¶ 10-11.)

Plaintiff brings this 42 U.S.C. § 1983 action pursuant to the First, Eighth, and Fourteenth Amendments of the United States Constitution and New Jersey's Constitution. (Compl. at ¶ 13.) As relief, Plaintiff requests: (1) a declaratory judgment that the conduct outlined in his Complaint violated his constitutional rights; (2) compensatory and punitive damages against Defendants, together with costs of the suit; (3) appointment of pro bono counsel; and (4) an injunction enjoining Defendants from further violating his constitutional rights.

**III. STANDARD OF REVIEW**

    **A.    Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires district courts to review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. This

3

action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis. [See Docket Item 4.] Under Section 1915(e)(2)(B), the Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. DISCUSSION**

The Court infers that Plaintiff is attempting to raise a false arrest and imprisonment claim under the Fourth Amendment against the government Defendants and a state law claim of defamation against all Defendants. However, there are insufficient facts in the Complaint for the Court to conclude Plaintiff has presented a plausible claim with respect to either cause of action.

    **A.    False Arrest and Imprisonment Claim**

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." Manuel v.

City of Joliet, Ill., 137 S. Ct. 911, 913 (2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." O'Connor v. City of Phila., 233 Fed. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff has not provided enough facts for this Court to reasonably infer that his false arrest and imprisonment claim is facially plausible. Fowler, 578 F.3d at 210. Nothing in the Complaint supports an inference that the arrest was made without probable cause or proper legal justification beyond cursory statements that Defendant Terry King appeared before the Grand Jury and "provided false testimony and tampered with a witness," and that the government Defendants, Warren W. Faulk, Scott Thomson, Terry King, and Brian Razzi, "engaged in creative

behavior and made false and fraudulent allegations against Plaintiff Winters." (Compl. at ¶¶ 8-9.) Indeed, the Complaint fails to identify critical information, such as when Plaintiff was arrested on the murder charges and how the case was resolved (i.e., whether the charges against Plaintiff were dismissed, Plaintiff was acquitted, or Plaintiff was convicted).

To the extent Plaintiff has been convicted of the charges for which he was indicted, he cannot seek damages under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Additionally, depending on when the arrest occurred, Plaintiff's claim might be barred by the relevant statute of limitations. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). "Claims for false arrest . . . typically accrue on the date of the arrest . . . because, at that point, the plaintiff has reason to know of the injury." Ostuni v. Wa Wa's Mart, 532 Fed. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)). Plaintiff filed the Complaint on

7

May 17, 2017. [Docket Item 1.] Thus, unless equitable tolling applies, Plaintiff's false arrest and imprisonment claim would be barred by the two-year statute of limitations if he was arrested on the murder-related charges before May 17, 2015 (i.e., two years before the Complaint was filed).

At this time, Plaintiff fails to state a claim for false arrest and imprisonment upon which relief may be granted. Accordingly, the Court will dismiss this claim without prejudice. As discussed below, Plaintiff may move to amend his Complaint if he can allege sufficient facts regarding the circumstances of the arrest that would enable the Court to reasonably infer the government Defendants lacked probable cause to arrest Plaintiff and imprisoned Plaintiff without proper legal authority or justification, but only if Plaintiff alleges he was not convicted of the charges for which he was indicted and only if Plaintiff was arrested on or after May 17, 2015 or some equitable tolling doctrine applies.

**B. Defamation Claim**

Under New Jersey law, the elements for defamation are: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person (and not privileged); and (3) that defendants acted negligently or with actual malice." G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011). "In the case of a complaint charging

8

defamation, plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough." Zoneraich v. Overlook Hosp., 514 A.2d 53, 63 (N.J. Super. Ct. App. Div.), cert. denied, 501 A.2d 945 (N.J. 1986); see also F.D.I.C. v. Bathgate, 27 F.3d 850, 875 (3d Cir. 1994) (citing Zoneraich). Here, the Complaint fails to sufficiently plead a claim of defamation because Plaintiff does not identify any specific allegedly-defamatory statements, when and by whom these statements were published, to whom these statements were published, or facts suggesting any publication was negligent or malicious. In the absence of supporting facts for Plaintiff's allegations, the Complaint cannot proceed and must be dismissed.

Furthermore, New Jersey law requires all defamation claims to be brought "within 1 year next after the publication of the alleged libel or slander." N.J. Stat. Ann. § 2A:14-3. Again, Plaintiff filed this Complaint on May 17, 2017. [Docket Item 1.] All of the allegedly defamatory news articles to which Plaintiff cites in the Complaint were published in November or December of 2012 (i.e. more than four years before the Complaint was filed). (Compl. at ¶¶ 2-6.) Thus, unless an equitable tolling doctrine applies, the 2012 defamation claims are barred by the statute of limitations.

On the other hand, the Complaint alleges that Defendants' misconduct "[s]tarted on or about November of 2012, and continu[es] to this very day. . . ." (Compl. at ¶ 1) (emphasis added). To the extent Defendants actually published defamatory stories about Plaintiff on or after May 17, 2016 (i.e., less than one year before the Complaint was filed), Plaintiff might be able to state a claim upon which relief could be granted. Of course, any such claim must still sufficiently plead the necessary elements for defamation under New Jersey law, as described above.

For these reasons, the Court will dismiss Plaintiff's defamation claims without prejudice. Plaintiff may move to amend his Complaint if he can allege specific defamatory statements, when and by whom they were published, to whom they were published, and facts suggesting the publication was negligent or malicious. Any claims alleging defamatory publications before May 17, 2016 (i.e., one year before the Complaint was filed) must provide an argument for equitable tolling.

**C. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). As it is plausible that Plaintiff may be able to provide facts supporting

10

certain allegations, he may file a motion seeking permission to amend his Complaint within thirty (30) days of this Opinion and Order. Plaintiff must attach a copy of his proposed Amended Complaint to his motion. Any Amended Complaint will likewise be subject to preliminary screening under 28 U.S.C. § 1915(e)(2).

Plaintiff should note that when an Amended Complaint is filed, the Complaint no longer performs any function in the case and cannot be utilized to cure defects in the Amended Complaint, unless the relevant portion is specifically incorporated in the new Amended Complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The Amended Complaint may adopt some or all of the allegations in the Complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an Amended Complaint that is complete in itself. Id. Plaintiff's Amended Complaint may not include claims that would be barred by the relevant statute of limitations unless Plaintiff provides an argument for equitable tolling.

## V. CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice. Plaintiff may move to amend his Complaint within thirty (30) days. An appropriate Order follows.

**April 6, 2018**                                        **/s Jerome B. Simandle**
Date                                                      JEROME B. SIMANDLE
                                                             U.S. District Judge